**UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § | |
| v. | § § | **CRIMINAL NO. C-07-089-2** |
| **FRANCISCO SANCHEZ-ZAVALA** | § § § | |

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT'S MOTION TO SUPPRESS**

On April 5, 2007, and April 13, 2007, the Court heard Defendant's motion to suppress. Having weighed the evidence and considered arguments of counsel, the Court finds Defendant's motion should be GRANTED.

In this case, Defendant made two written statements. The first statement is a denial, and the second statement is a confession. Each statement was made in separate custodial interviews that were conducted by different government officials. Defendant moves to suppress the confession because it was not voluntarily made.

On February 6, 2007, Defendant was traveling as a passenger in a tractor-trailer rig driven by co-defendant, Ediberto Saenz. Around 7:00 a.m. the defendants stopped at the primary inspection lane of a U.S. Border Patrol Checkpoint located on U.S. Highway 77 near Sarita, Texas. A canine alerted positively to the presence of narcotics, and the defendants were directed to the secondary inspection area. Defendant was escorted to the checkpoint waiting area. Approximately 414 kilograms of marihuana were found in the trailer, and the

1

Drug Enforcement Administration was notified.

Defendant was arrested, and Border Patrol Agent Gregorio Reyes interviewed Defendant for a short time. Reyes asked Defendant in Spanish, "en español o inglés?" Defendant said he preferred Spanish and wrote a short statement, in Spanish, denying that he knew anything about the drugs.[1] After the interview, Defendant was placed in a holding cell and separated from co-defendant Saenz.

Around 10:00 a.m., DEA Agents Bryan Villella and Robert Patravage arrived at the checkpoint and began reviewing the paperwork generated by border patrol. Villella never asked border patrol agents whether Defendant could speak English. Nevertheless, he began interviewing Defendant in English. Defendant said he could not read English, so Villella gave him a written Spanish translation of the *Miranda* warnings.[2] Villella read the Spanish translation aloud and Defendant read along. Villella does not speak Spanish and does not understand written Spanish. He testified, "my Spanish is not good, but I can read it and sort of pronounce it." After the warnings were read, the agents continued interviewing Defendant in English.

Villella advised Defendant about several aspects of the federal system. He told him there was no probation available and that there were several ways a defendant could help himself, for example, by providing substantial assistance to the government. The agents told Defendant he could receive five to ten years if convicted. Defendant told Villella a story that

---

[1] *See* Government Exhibit 2

[2] *See* Government Exhibit 1

was consistent with his prior written statement, and after the interview, Defendant was returned to the holding cell. Defendant's cell phone, which was in the custody of agents, began to ring. Patravage told Defendant people were calling to see if he [Defendant] had made it through the checkpoint. Petravage reiterated this was Defendant's chance to assist the government. Defendant was brought back into the interview room where he made a second written statement. Defendant confessed that he knew drugs were in the trailer.[3]

At Defendant's initial appearance and detention hearing everyone spoke in English. The U.S. Magistrate Judge never asked Defendant, "do you speak English?" or "do you want an interpreter?" The questions placed to Defendant by the Magistrate Judge were always answered with "yes sir." There was no conversation or dialogue between the Magistrate Judge and Defendant. At the detention hearing Patravage was called to testify about Defendant's alleged unstable residence. During his testimony the issue came up that Defendant might need an interpreter. Counsel for Defendant, Joe Flores, said, "he [Defendant] does not speak English as well as I thought he did." The parties agreed an interpreter should be provided.

The issue before the Court is whether Defendant's written confession was knowingly and voluntarily made. When an individual is taken into custody and questioned by authorities, the privilege against self-incrimination is jeopardized. *Miranda v. Arizona*, 384 U.S. 436, 478 (1966). Therefore, an individual must be warned prior to any questioning that he has certain rights. *Id.* After such warnings are given, the individual may knowingly and

---

[3] See Government Exhibit 3

intelligently waive these rights and make a statement. *Id.* Until such warnings and waiver are demonstrated by the prosecution, evidence obtained from the interrogation cannot be used against him. *Id.*

A waiver of *Miranda* rights is effective only if it is voluntary. *United States v. Cardenas*, 410 F.3d 287, 292 (5th Cir. 2005). This means waiver must be a free and deliberate choice that is made knowingly. *Id.* at 293. The defendant must understand the nature of the right(s) being abandoned and the consequences of abandoning them. *Id.* The prosecution must prove the voluntariness of a confession by a preponderance of the evidence. *United States v. Watson*, 469 F.2d 362, 363 (5th Cir. 1972) (citing *Lego v. Twomey*, 404 U.S. 477 (1972)).

The Court finds the Government has not met its burden of proof. The Court finds Defendant did not knowingly waive his *Miranda* rights, and therefore, the written confession should be suppressed. The Court recognizes Defendant is somewhat knowledgeable in the English language. However, the Court finds Defendant's preferred language is Spanish. Defendant's interview with BPA Reyes was in Spanish. Defendant elected to receive his *Miranda* warnings in Spanish. Both of Defendant's statements were written in Spanish. Nevertheless, the warnings were administered by agents who did not speak or understand written Spanish, and throughout the interviews, the DEA agents were talking with Defendant in English.

The Court finds Defendant has inadequate English skills and that the Government witnesses were on notice of it. The Court finds Defendant was not able to fully understand

4

his rights or the consequences of waiving them. Therefore, the Court finds Defendant's written confession was not voluntary. Defendant's motion to suppress is GRANTED.

ORDERED April 30, 2007.

_____
HAYDEN HEAD
CHIEF JUDGE